BURNS *v.* STATE BOARD OF EMBALMERS AND FUNERAL
DIRECTORS, ET AL.

[No. 30,862. July 16, 1968.]

·*Joseph P. Sullivan,* Whiting, *John C. O'Connor,* and *Arch N. Bobbitt,* Indianapolis. *Sullivan and Gray,* Whiting, and *Ruckelshaus, Bobbitt and O'Connor,* Indianapolis, for appellants.

*John J. Dillon,* Attorney General, *Thomas M. Tucker,* Deputy Attorney General, for appellee State Board of Embalmers and Funeral Directors.

*Donald E. Bowen, Richard M. Givan,* Indianapolis, *Joseph L. Skozen,* Hammond, and *Albert J. Meserow,* Chicago, Ill., for individual appellees.

JACKSON, J.—The Indiana Funeral Directors Association and individual Funeral Directors of Lake County, Indiana, filed complaints with the Indiana State Board of Embalmers and Funeral Directors to revoke the funeral directors and embalmers licenses of George A. Burns and Thomas F. Owens.

The complaints against George A. Burns (hereinafter referred to as "Burns") and against Thomas F. Owens (hereinafter referred to as "Owens") were consolidated for the purposes of the hearing.

The complaints charged Burns and Owens with violations of certain rules and regulations of the Indiana State Board of Embalmers and Funeral Directors (hereinafter referred to as "Board") and certain statutes under the Indiana Funeral Directors Act. References to these will be made hereafter. Of the six specific charges in the complaint, the Board sustained three and dismissed the others.

The hearing before the Board was held pursuant to the Administrative Adjudication and Court Review Act (§ 63-3001, Burns' 1961 Replacement, et seq.) by stipulation of the parties and the Board's power was granted by Acts 1939, ch. 165, being § 63-727, Burns' 1961 Replacement.

The Board made its findings of fact upon the evidence in the record, and entered its order and determination revoking the funeral directors licenses of Burns and Owens.

From this order of the Board, appellants took an appeal to the Lake Circuit Court. The individual appellees moved for a change of venue which was granted. Venue was then changed to Newton County, where the hearing was had in the Circuit Court pursuant to the Administrative Adjudication and Court Review Act.

Hearing was had in the Circuit Court of Newton County, with oral argument and briefs submitted by all parties including the Attorney General representing the State Board.

Judge Lamb entered an order, based upon the record, exhibits, arguments of counsel and briefs submitted, finding

that Burns and Owens had violated certain rules and regulations of the State Board as well as certain Indiana statutes pertaining to funeral directors, and sustained and affirmed the order, findings and determination of the State Board revoking the licenses of Burns and Owens.

It is from this order of the Newton Circuit Court that this appeal stems.

Appellants' statement of what the issues were is as follows:

"The issues were formed by appellants' verified petition for judicial review of the order and determination of the State Board of Embalmers and Funeral Directors of Indiana and the answer of appellee, State Board of Embalmers and Funeral Directors of Indiana.

More specifically, the issues are:

1. (Whether) the order and determination of the State Board of Embalmers and Funeral Directors of Indiana, hereinafter referred to as the 'Board', is arbitrary, capricious, and an abuse of discretion and not in accordance with law.

2. Whether the decision of the Board is supported by substantial, reliable and probative evidence.

3. Whether or not the Board erred in permitting to be introduced into evidence a clandestine tape recording of a conversation had in the witness Ryerson's home in the presence of Mr. Ryerson, his wife and Albert Meserow, attorney for the original complainants herein, who represented himself as a Mr. 'Al Miller' who was in the tobacco business, when none of the defendants to this action were present and when the salesman for Pre-Need Muehlebach was invited to Mr. Ryerson's home on the pretense that he was interested in the Pre-Need plan for funerals, and who did not know that Mr. Meserow was attorney for the people who had filed the action before the Board, and did not know that his conversation and discussion with the people present was being recorded.

4. Whether or not the decision and determination of the Board is further arbitrary, capricious and not in accordance with law by finding that the Pre-Need Muehlebach plan is a scheme or plan which is in the nature of a burial associa-

tion or a burial certificate or a membership certificate plan as defined in the Embalmers and Funeral Directors Act.

5. Whether or not either appellant herein is employing persons to solicit business for them as alleged in Sub-paragraph (d) of Paragraph 4 of plaintiff's complaint.

6. The insufficiency of the evidence to sustain the finding of the Board that Pre-Need Muehlebach Plans, Inc. are entering into contracts with persons in Lake County, Indiana, to participate in a scheme or plan which is in the nature of a burial association or a burial certificate or a membership certificate plan within the meaning of Sec. 11 of the Embalmers and Funeral Directors Act.

7. That the action of the Board was not in accordance with the law in that it acted contrary to and violated the right of these appellants and each of them to meet the witnesses face to face as provided by Article I, Section 13 of the Constitution of Indiana and the Sixth Amendment to the Constitution of the United States.

8. That the order and determination of the Board is contrary to law and violates the rights of these appellants and each of them to engage in a lawful business and to furnish funeral service, including a casket, at any price which they deem proper, as guaranteed by Article I, Section 1 of the Constitution of Indiana and the Fourteenth Amendment to the Constitution of the United States.

9. That part of the Acts of 1939, Ch. 165, Sec. 11(b), as attempted to be enforced by the Board is invalid and of no force and effect because it violates Article I, Section 1 of the Constitution of Indiana and the Fourteenth Amendment to the Constitution of the United States.

10. That the order and decision of the Board is based upon hearsay evidence which is not reliable and is without probative value, and unsupported by substantial evidence of probative value.

11. That the evidence before the Board was insufficient to show that appellants herein had violated Rules 5 and 12 of the rules of the State Board of Embalmers and Funeral Directors of Indiana and the Acts of 1939, ch. 165, sec. 6 as amended, Sec. 63-722 Burns' 1961 Repl. and Acts of 1939, ch. 165, sec. 11, Sec. 63-727 Burns' 1961 Repl."

The appellees contend the issues were:

"Did Burns and Owens as licensed funeral directors violate the rules and regulations of the State Board of Em-

balmers and Funeral Directors, and the Indiana Statutes pertaining thereto, in their participation with Pre-Need Muehlebach Plans of Indiana, a door-to-door funeral service soliciting and selling organization, and was there substantial probative evidence in the record to support the Board's findings and determination, and the findings and the judgment of the Newton Circuit Court, which sustained the Board's order."

The appellants were charged, inter alia, with violation of Rules 5 and 12 of the Rules and Regulations of the State Board of Embalmers and Funeral Directors and also with violation of Acts 1939, ch. 165, § 6 as amended, being § 63-722 Burns' 1961 Replacement, and also with violation of § 11, of said ch. 165, being § 63-727 (d) Burns' 1961 Replacement.

Rule 5 is as follows:

"The employment by a licensed funeral director of a person or persons on part-or full-time, for the express purpose of making contracts for securing business, shall be considered by this board as a violation of Section 5, subsection (g), of the Indiana State Embalmers and Funeral Directors Law, approved March 10, 1939. The payment of a commission or an agreement to pay a commission, or the giving or promising to give any money or other thing of value, to any person or persons for the solicitation of business directly from relatives or next of kin of deceased persons about to die, or the direct solicitation of business on the part of licensed funeral directors and licensed embalmers, shall also be considered a violation of said section of said act, and therefore prohibited."

Rule 12 is as follows:

"Any person licensed as a funeral director in the state of Indiana is hereby prohibited from sharing his establishment, furnishing funeral equipment, rendering personal service, or in any way entering into any arrangement or partnership agreement with anyone who is not at the time of such above mentioned service, arrangement or partnership a duly licensed funeral director, or is not himself maintaining a place suitable for the care, disposition or disposal of dead human bodies."

Section 63-722 Burns' 1961 Replacement in pertinent part (being that portion of the statute allegedly here violated) reads as follows:

"Any person licensed as a funeral director in the state of Indiana is hereby prohibited from sharing or permitting the use of his establishment, or from furnishing funeral equipment for use therein, or from rendering personal service therein, or from, in any manner, entering into any arrangement or partnership agreement with anyone else, for and in the conduct of such business upon such premises, who is not at such time a duly licensed funeral director, or who is not himself maintaining some other place suitable for the care, disposition or disposal of dead human bodies and which is duly registered therefor with the board; and it shall be unlawful for a firm of funeral directors to hereafter lease to another a portion of office space, facilities or other property for the purpose of using or advertising the leased location as a branch or firm location."

Section 63-727 (d) Burns' 1961 Replacement in pertinent part (being that portion of the statute allegedly here violated) reads as follows:

"If the holder thereof shall be guilty of taking any undue advantage of his patrons or shall be guilty of any fraudulent act in the conduct of his business or has promoted or is promoting, or has participated in or is participating in any scheme or plan in the nature of a burial association or a burial certificate or membership certificate plan."

The Board, as previously stated, revoked the licenses of the appellants on the grounds of violation of the above mentioned rules and statutes. Such action of the Board was affirmed, on Judicial Review, by the Newton Circuit Court. Notice of appeal from the decision of that court was given followed by the same being perfected and under consideration here.

The assigned errors read:

"Appellants herein, aver that there is Manifest error in the judgment and proceedings in this cause, which is prejudicial to appellant, in this:

1. The trial court (Newton Circuit Court) erred in sustaining and affirming the Findings, Order, and Determination of The State Board of Embalmers and Funeral Directors of Indiana, entered on May 24, 1963, revoking the funeral directors' licenses of George A. Burns and Thomas F. Owens, petitioners herein.

2. The decision of the trial court is contrary to law.

3. The decision of the trial court is not sustained by sufficient evidence.

4. The trial court erred in its finding No. 4, that the findings, order and determination of The State Board of Embalmers and Funeral Directors of Indiana, dated May 24, 1963, revoking the license of Appellants herein, 'is supported by substantial, reliable and probative evidence.'

5. The trial court erred in its finding No. 5, that said Board conducted its hearing pursuant to and in compliance with the requirements of the Administrative Adjudication and Court Review Act.

6. The trial court erred in its finding No. 6, that the order and determination of said Board was not arbitrary, capricious, nor an abuse of its discretion, but in accordance with law, and all constitutional rights, powers, privileges and immunities of appellants, and that said order, determination and findings were supported by substantial evidence.

7. The trial court erred in its finding No. 7(d), that Pre-Need Muehlebach Plans, Inc. is entering into contracts with persons to participate 'in a scheme or plan which is in the nature of a burial association or a burial certificate or membership certificate plan.'

8. The trial court erred in its finding of fact No. 7(f), that agents of Pre-Need Muehlebach Plans, Inc. are advertising and commending the facilities of the funeral homes of Appellant Burns', to the public.

9. The trial court erred in its finding of fact No. 7(g), that agents of Pre-Need Muehlebach Plans, Inc. are advertising and commending the facilities of the funeral home of Appellant Owens, to the public.

10. The trial court erred in its finding No. 8, that the record and exhibits support the findings of said Board by substantial, reliable and probative evidence; that said petitioners did violate Rules 5 and 12 of the Rules and Regulations of the said BOARD, and Section 6, Chapter 165, Acts of 1939 (Burns' 1961 Repl.-Section 63-722) and Section 11, Chapter 165, Acts of 1939 (Burns' 1961 Repl.-Sec-

tion 63-727) ; that said petitioners did employ and use persons for the purpose of making contracts for the solicitation of funeral service business, contrary to said rules; that said petitioners did enter into an arrangement, for the purpose of sharing petitioners' establishment furnishing funeral equipment and rendering personal service, with Pre-Need Muehlebach Plans, Inc., a corporation, not licensed as a funeral director, which corporation through its agents solicited persons and members in Lake County, Indiana, for contracts for funeral services to be carried out by petitioners, for the benefit of petitioners, contrary to said rules and statutes; that said petitioners by reason of their participation and arrangement with Pre-Need Muehlebach Plans, Inc., a corporation, in the solicitation and sale of funeral service contracts to be carried out by petitioners, are guilty of participating in a scheme or plan in the nature of a burial association or a burial certificate or membership certificate plan, contrary to Section 63-727, Burns' St. 1961 Repl.

11. The trial court erred in its finding No. 9, that the record, exhibits, evidence, arguments and brief of petitioners do not sustain the allegations of petitioners' (Appellants') Petition for Judicial Review.

12. The trial court erred in its finding No. 10, that the record and exhibits present substantial, reliable and probative evidence to support and sustain the allegations in paragraph 4, sub-paragraph (a), (c) and (d) of the complaint against Appellant Burns', and paragraph 4, sub-paragraphs (a), (b) and (c) of the complaint against Appellant Owens.

13. The trial court erred in its conclusion No. 11, that the order and Determination of said Board should be affirmed and sustained."

The court, in the case at bar, has had the benefit of a voluminous transcript with many exhibits, ample and careful briefing by all the parties and finally a lengthy and spirited argument of counsel, pro and con. All of these have received our careful consideration.

Pertinent parts of the Administrative Adjudication and Court Review Act, as found in § 63-3008 and § 63-3014 Burns' 1961 Replacement are as follows:

Section 63-3008.

"Such agency is hereby authorized to conduct such hearing in an informal manner and without recourse to the technical common-law rules of evidence required in proceedings in judicial courts, and such manner of proof and introduction of evidence shall be deemed sufficient and shall govern the proof, decision, and administrative or judicial review of all questions of fact if substantial, reliable and probative evidence supports such agency's determination. Every agency shall as a matter of policy provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence. Every person who is a party to such proceedings shall have the right to submit evidence in open hearing and shall have the right of cross-examination."

Section 63-3014.

"Any party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act [§§ 63-3001—63-3030]. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition setting out such order, decision or determination so made by said agency, and alleging specifically wherein said order, decision or determination is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence."

We are of the opinion the judgment of the trial court must be reversed and the order and determination of the Board set aside for the following reasons:

1. There is no evidence of probative value, or otherwise in the record that shows, or from which any inference can be

drawn, that the appellants or either of them is "guilty of taking any undue advantage of his patrons" or is "guilty of any fraudulent act in the conduct of his business or has promoted or is promoting, or has participated in or is participating in any scheme or plan in the nature of a burial association or a burial certificate or membership certificate plan."

2. There is no evidence of probative value, or otherwise, in the record that shows or from which any inference can be drawn that Pre-Need Muehlebach Plans, Inc. is a "burial association, or a burial certificate or membership certificate plan." It may well be a scheme or device by which an individual can arrange, by prepayment, the accumulation of a fund that can be drawn upon to prepay all or a part of burial expenses for himself or some member of his family designated or to be designated by the "contractor", who likewise can designate any funeral director he chooses. Each individual contracted separately with Pre-Need Muehlebach Plans, Inc., not the appellants or either of them. The device, in principle, is quite similar to certain law lists circulated among lawyers and potential clients. The lawyers pay nothing for the listing and receive nothing unless they accept business sent them through such listing, and in such case the fees to be charged are a matter of negotiation with the forwarder, neither being compelled to accept either the business or the services of the other. In the case at bar there is no contractual relationship shown between the appellants or either of them and Pre-Need Muehlebach Plans, Inc., or the individual "contractor" of Pre-Need.

3. There is no evidence of probative value in the record to sustain the finding or from which an inference can be drawn that appellants, or either of them violated Rule 5 or Rule 12 of the Board and § 63-722 Burns' 1961 Replacement. There is evidence in the record that inadmissible hearsay evidence was not only admitted, but also received

and considered by both the Board and the Newton Circuit Court in violation of the statutory and constitutional rights of the appellants and each of them. The preparation, obtaining and presentation of improper and incompetent evidence by clandestine means and misrepresentation in respect thereto, by persons aware of what they are doing verges dangerously close to contempt of court and not only vitiates that evidence, but casts suspicion and doubt on all other evidence adduced by the same party.

The judgment of the Newton Circuit Court is reversed, as are the findings, order and determination of the Board, all at the costs of the appellees.

Lewis, C. J., concurs, with opinion; Arterburn, J., concurs in result; Hunter, J., concurs.

Mote, J., not participating.

### CONCURRING OPINION

LEWIS, C. J.—I concur in the opinion of the Court; however, I feel there are several aspects of this case, which although not essential to the resolution of the appeal, necessarily should be discussed.

As early as 1908 programs designed to provide pre-paid funerals, then called "burial associations", were being offered to the citizens of this State. The design of these associations was a simple one. With the death of a member, all remaining members were assessed a stipulated amount which represented both the amount necessary for the funeral and the profit of the association. Aside from the obvious fact that such a plan placed a premium on an early death, the overall experience in this and other States with such organizations was not a pleasant one. Inevitably, they were wrought with fraud and the financial instability which often accompanies get-rich-quick speculators. Many families found themselves paying for a funeral twice—once to the organization and once again at

the time of death. As a result, the legislature sought to eliminate this evil through the exercise of the State's police power. Part of our legislature's reaction is reflected in Burns' Indiana Statutes, Anno., (1961 Repl.), § 63-727(d), which, in part, provides for the funeral directors:

> "If the holder thereof [of a funeral director's license] shall be guilty of taking any undue advantage of his patrons or shall be guilty of any fraudulent act in the conduct of his business or has promoted or is promoting, or has participated in or is participating in any scheme or plan in the nature of a burial association or a burial certificate or membership certificate plan [the license may be revoked]. . . ."

This, however, does not mean that a man may not make provisions for his funeral before his death. This Court stated in *State* v. *Willett* (1908), 171 Ind. 296, 301, 302, 86 N. E. 68:

> "There is no doubt that a contract founded upon a legal consideration, whereby the obligor undertakes to furnish the obligee, or one of the latter's near relatives, as the case may be, at death, a burial reasonably worth a fixed sum, would be a valid contract. If the citizen of small means, or for any other reason, desires to make a definite arrangement for the expenses of his funeral, and thus make certain of a sufficient amount to secure a respectable burial, the law will sustain him, if he will keep his contract within certain, well-defined limitations demanded by both the statute and public policy. . . ."

It is important, in the light of this public policy in favor of certain pre-need contracts (if within statutory limitations), that we consider the practical result of the ruling by the State Board of Embalmers and Funeral Directors in this case. Essentially, the result is that the contractual arrangement offered by the Pre-Need Muehlebach Corp. will not be available to the citizens of this State. The program sold by this corporation costs $735 and offers a specified funeral replete with the usual trappings (excluding a plot and stone), worth something over $1,000 at today's market price. While the contract does not in any way commit the obligee to any specific funeral

home, the consent of funeral directors to co-operate in the program is essential. By express testimony, co-operation (possibly labeled "participation") is what appellants, Burns and Owens, have offered. It was apparently found by the Board, on what this Court must now rule as not being substantial, probative evidence, that a contract between appellants and Pre-Need Muehlebach existed. Either way, the Board's ruling indicates that co-operation by a funeral director with a Pre-Need program can result in the revocation of the director's license. Good sense indicates that only the foolhardy will be willing to co-operate, and without such co-operation, Pre-Need is without an effective program to offer.

Appellants, in their brief, raised three (3) basic contentions:

*First.* Does the State's police power extend far enough to sustain the statutes in question under which appellants lost their license?

*Second.* Was there sufficient evidence to sustain the administrative board's determination?

*Third.* Was evidence obtained by complainant-appellee's counsel (who had been imported from a foreign jurisdiction) by a knowing misrepresentation and hidden tape recorder, proper for the consideration of the Board?

Burns' Indiana Statutes, Anno., (1963 Suppl.), § 63-727, prohibits, by penalty of license revocation, any kind of contractual participation, and indeed, possibly merely participation of a funeral director in any organization "in the nature of a burial association." The passage of this legislation is justified under the police power of the State in the statement of purpose for the embalmers and funeral directors legislation. Burns' Indiana Statutes, Anno., (1961 Repl.), § 63-717, declares:

"It is hereby declared that this act . . . shall be deemed an exercise of the health powers of the state for the prevention of the spread of infectious and contagious diseases; for

the protection of the sanitation, health and welfare of the people of the state. . . ."

The power to exert the police power of the State is the legislature's, and it rests with that branch of our government primarily to determine

"what measures are appropriate or needful for the protection of the public morals, the public health, or the public safety"

as Mr. Justice Harlan stated in *Mugler* v. *Kansas* (1887), 123 U. S. 623, 31 L. ed. 205, 8 S. Ct. 273, 297.

". . . It does not at all follow that every statute enacted ostensibly for the promotion of these ends is to be accepted as a legitimate exertion of the police powers of the state. There are, of necessity, limits beyond which legislation cannot rightfully go. While every possible presumption is to be indulged in favor of the validity of a statute (Sinking Fund Cases, 99 U. S. 700, 718, 25 L. ed. 496, 501), the courts must obey the Constitution rather than the law-making department of government. . . ." *Mugler* v. *Kansas, supra.*

The "test" for the legitimate exercise of the State's police power is not a readily definable one. However, it is clear that the United States Supreme Court has abandoned the Lochner-Adair-Coppage philosophy. *Lincoln Federal Labor Union* v. *Northwestern Iron and Metal Co.* (1949), 335 U. S. 525, 69 S. Ct. 251, 93 L. ed. 212. The burden has shifted from the State to the challenger of the legislation who must now demonstrate that no reasonable relation to the police power exists. However great an obstacle this may present, it must be remembered, as often it is not, that there is no such thing as "far-fetched reasonableness". It must be frankly stated that the legislation which the appellants are charged with violating stands on a rather shaky foundation of reasonableness. It is significant to note that out of several hundred purchasers of the Pre-Need plan, not one came forth or was presented at the hearing to claim that any fraud or questionable tactics were practiced. Nor was any other evidence of any nature sub-

mitted which might cast a questionable shadow on the ethics or good faith of either the appellants or the Pre-Need corporation. In fact, it is fairly clear from the record that the contract plan was well within the laws of this State which regulate such agreements. It is significant to note that it was not a swindled citizen who brought this complaint, but a private association of funeral directors. It is clear that where fraud or other wrongdoing is involved, the power of the State to regulate is inherent; but, such is not the situation here. It would be an embarrassment in logic for this Court to assert that there is some reasonable relation between the co-operation of a funeral director with an organization selling what is essentially burial insurance and ". . . the prevention of the spread of infectious and contagious diseases." Burns', § 63-717, *supra.* The underlying scheme of Burns' Indiana Statutes, Anno., (1963 Suppl.), § 63-717 *et seq.* is more clearly reflected in the following provision of Burns', § 63-727, *supra:*

". . . Conduct of such nature tends to reflect upon or discredit the profession of embalming and funeral directing [also may be cause for revocation of license]."

Competition is the mainstay of the economic system. There are, of course, a substantial number of occasions when the State must invoke its power to limit competition in the interests of public health, safety or welfare. However, considering the rising and sometime oppressive costs of a funeral, can the interests of the citizens of this State truly be served by the broad interpretations of an administrative tribunal which limits the ability of a man to protect his family from an emotional extravagance in a time of grief?

The Board in this cause found the Pre-Need Muehlebach Plan to be in the nature of a burial association. This was, of course, necessary to the determination that appellants had participated in such a burial association. Such a determination, to say the least, is a curious one in light of recent statutes. The legislature, in 1963, shortly after this cause was brought

before the Board, enacted a series of provisions designed to regulate "pre-need funeral plans". See Burns' Indiana Statutes, Anno., (1963 Suppl.), § 31-1001 *et seq.* Aside from the obvious similarity in name, the Pre-Need program, which the Board found the appellants participating in, meets substantially both the definable scope and provisions of those statutes. The legislature has chosen to distinguish such plans from the burial associations affected in Burns', § 63-727, *supra.* To rule otherwise would contravene the manifested intent of the legislature.

The majority opinion of this Court overrules the decision of the Newton Circuit Court because there is insufficient evidence in the record to sustain the action of the Board. Suffice it to say that while administrative hearings in this State are not bound by the strict common-law rules of evidence, substantial evidence of probative value is still required to sustain a finding of such a body. Burns' Indiana Statutes, Anno., (1961 Repl.), § 63-3008, reads, in part, as follows:

> "Such agency is hereby authorized to conduct such hearing in an informal manner and without recourse to the technical common-law rules of evidence required in proceedings in judicial courts, and such manner of proof and introduction of evidence shall be deemed sufficient and shall govern the proof, decision, and administrative or judicial review of all questions of fact *if substantial, reliable and probative evidence supports such agency's determination. . . .*" (emphasis added).

Finally, I approve thoroughly of the ruling in the Majority Opinion by Judge Jackson which removes the stamp of judicial approval from the manner in which certain alleged evidence was obtained by a hidden microphone.

NOTE.—Reported in 238 N. E. 2d 663.